**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| | : | Case No. 07-11881 (CSS) |
| DELTA FUNDING CORPORATION, | : | |
| | : | |
| | : | **Hearing Date: December 21, 2011 at 9:15 a.m. (ET)** |
| Debtors. | : | **Objections Deadline: December 13, 2011 at 4:00 p.m. (ET)** |

# MOTION FOR AN ORDER (I) APPROVING STIPULATION AMONG DELTA FINANCIAL LIQUIDATING TRUST, OCWEN LOAN SERVICING, LLC, BANK OF AMERICA, N.A., WELLS FARGO BANK, N.A., AS TRUSTEE, THE BANK OF NEW YORK MELLON, AS TRUSTEE, AND HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE, REGARDING ABANDONMENT, TRANSFER AND DESTRUCTION OF CERTAIN MORTGAGE LOAN FILES AND/OR (II) AUTHORIZING THE IMMEDIATE ABANDONMENT AND/OR DESTRUCTION OF CERTAIN NON-MORTGAGE LOAN BUSINESS FILES

Hobart G. Truesdell (the "Liquidating Trustee"), as the Trustee of the Liquidating Trust (the "Trust") of the above-captioned, post-confirmation debtor and its affiliates[1], by and through its co-counsel Hahn & Hessen LLP and Pepper Hamilton LLP, hereby moves this Court (the "Motion") for entry of an order (the "Proposed Order"), a copy of which is attached hereto as Exhibit A, (i) approving the *Stipulation Among Delta Financial Liquidating Trust, Ocwen Loan Servicing, LLC, Bank of America, N.A., Wells Fargo Bank, N.A., as Trustee, The Bank of New York Mellon, as Trustee, and HSBC Bank USA, National Association, as Trustee, Regarding Abandonment, Transfer and/or Destruction of Certain Mortgage Loan Files* (the "Stipulation"), a copy of which is attached to the Proposed Order as Exhibit 1, pursuant to Rule 9019 of the

---

1 The Debtors are: Delta Financial Corporation; Delta Funding Corporation; Renaissance Mortgage Acceptance Corp. and Renaissance REIT Investment Corp. (collectively, the "Debtors"). The Debtors' bankruptcy cases were being jointly administered pursuant to Bankruptcy Rule 1005(b) as *In re Delta Financial Corporation, et al.*, Case No. 07-11880 (CSS) until the Court entered a final decree on May 16, 2011 closing certain of the Debtors' cases (the "Final Decree Order"). Pursuant to the Final Decree Order, the Liquidating Trust is continuing in administration as *In re Delta Funding Corporation*, Case No. 07-11881 (CSS).

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and (ii) authorizing the Trustee to immediately abandon and destroy certain Non-Mortgage Loan Business Files pursuant to sections 105, 363, and 554 of title 11 of the United States Code (the "Bankruptcy Code"). In support of the Motion, the Liquidating Trustee respectfully states as follows:

## JURISDICTION

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 105, 363, and 554 of the Bankruptcy Code, as complimented by Bankruptcy Rules 6007 and 9019.

## BACKGROUND

3. On December 17, 2007 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. On December 12, 2008, the Court entered the Order Confirming Joint Plan of Liquidation (the "Confirmation Order") [D.I. 701].

5. On January 5, 2009 (the "Effective Date"), the *Second Amended Joint Chapter 11 Plan of Liquidation by the Debtors and the Creditors' Committee Dated as of December 8, 2008* (as supplemented, modified, or amended, the "Plan") became effective. Pursuant to the terms of the Plan, on the Effective Date, the Liquidating Trust Agreement and Declaration of Trust (the "Trust Agreement") was executed, thereby creating the Trust and appointing Hobart G. Truesdell as Liquidating Trustee. On the Effective Date, among other things, all assets of the Debtors were transferred to the Trust.

## RELEVANT BACKGROUND

### A. Mortgage Loan Files

6. Prior to the Petition Date, in the ordinary course of the Debtors' business, the Debtors maintained at certain offsite storage facilities numerous categories of documents, including, but not limited to, loan origination files, sold and/or closed loan files, loan application materials, other files, each related to the Mortgage Loans (defined below), and miscellaneous business records maintained by the Debtors (collectively, the "Loan Files").

7. Prior to and in the process of winding down the Debtors' operations, the Debtors collected and packed the Loan Files and transferred them to two storage facilities: (i) Arrow Storage in Hicksville, New York ("Arrow"); and (ii) Quality Storage in Hicksville, New York ("Quality", together with Arrow, the "Storage Facilities"). Arrow currently stores approximately 24,300 boxes of Loan Files, and Quality currently stores approximately 4,000 boxes of Loan Files and 3,000 boxes of Non-Mortgage Loan Business Files (defined below), which are stored in boxes separately identifiable from the Loan Files by a prefix code label located on the boxes.

8. Upon information and belief, the Loan Files contain documentation relating to certain mortgage loans (the "Mortgage Loans") originated by the Debtors prior to the Petition Date in the ordinary course of the Debtors' business. For the most part, each Mortgage Loan was then made part of a portfolio of mortgage loans that was securitized and placed into a securitized trust (each, a "Securitization Trust" and collectively, the "Securitization Trusts"). In a few instances, the Debtors sold to third-party buyers certain of their mortgage loans (each, a "Whole Loan Purchaser" and collectively, the "Whole Loan Purchasers"). To the best of the Liquidating Trustee's knowledge, the Debtors no longer own or hold any interest in any Mortgage Loans. The Liquidating Trustee believes that Ocwen Loan Servicing, LLC ("Ocwen") is the servicer for all of the Mortgage Loans held by the Securitization Trusts, other than three

Securitization Trusts which are being serviced by Bank of America, N.A. ("BoA").[2] The Liquidating Trustee is not aware of any Securitization Trusts that have a trustee other than Wells Fargo Bank, N.A. ("Wells Fargo"), The Bank of New York Mellon ("Bank of New York"), or HSBC Bank USA, National Association ("HSBC"; together with Wells Fargo and Bank of New York, the "Securitization Trustees"). Consequently, the Liquidating Trustee believes that the Securitization Trusts, Securitization Trustees, Ocwen and BoA (collectively, the "Transferees"; together with the Liquidating Trustee, each a "Party" and collectively, the "Parties") are the principal parties-in-interest with respect to maintaining and preserving the Loan Files.

9. To the Liquidating Trustee's knowledge, (i) all of the Loan Files with respect to the Mortgage Loans originated by the Debtors in the ordinary course of their business, which were in the Debtors' control as of the Effective Date, are being held at the Storage Facilities, and (ii) other than the Loan Files being held at the Storage Facilities, the Liquidating Trustee has no knowledge of any other documentation held or stored by the Debtors relating to Mortgage Loans in which the Transferees may have an interest.

10. The Liquidating Trustee believes that the Loan Files are of no value to the Trust and are not necessary in the administration of these chapter 11 cases. Further, the cost of storing such Loan Files constitutes a substantial burden on the Trust. The Liquidating Trustee, therefore, has offered to transfer possession of the Loan Files to the Transferees; provided, however, that the cost of transfer be paid by the Transferees. Thereafter, as set forth more fully in the Stipulation, the Parties engaged in extensive negotiations to resolve possession and the cost of transfer of the Loan Files from the Storage Facilities to an Ocwen Designated Facility.[3]

---

2 Upon information and belief, Wells Fargo is also the Trustee with respect to the Trusts being serviced by BoA.

3 Capitalized terms not herein defined shall have the meanings ascribed to them in the Stipulation.

**B. Miscellaneous Administrative Files**

11. Prior to and in the process of winding down the Debtors' operations, in addition to the Loan Files, the Debtors also collected and packed certain business records maintained by the Debtors unrelated to the Mortgage Loans (the "Non-Mortgage Loan Business Files") and transferred them to Quality and certain other storage facilities. The Non-Mortgage Loan Business Files are unrelated to the Loan Files. The Non-Mortgage Loan Business Files include, but are not limited to, accounting records, personnel files, closed/settled litigation files, and general business records. To the best of the Liquidating Trustee's knowledge, the Non-Mortgage Loan Business Files do not contain any records relating to the Loan Files or any documentation relating to loans originated by Delta and currently owned or serviced by any third party. The Liquidating Trustee believes that the Non-Mortgage Loan Business Files are no longer necessary and are of no value to the Trust. Accordingly, the Liquidating Trustee believes that the Non-Mortgage Loan Business Files should be abandoned and destroyed.

12. The Liquidating Trustee believes that the only sensible course of action is to (i) abandon the Loan Files being stored at the Storage Facilities and contribute the sum of $200,000 toward the cost of transferring the Loan Files to the Ocwen Designated Facility as provided for in the Stipulation, and (ii) abandon and destroy the Non-Mortgage Loan Business Files, which, to the best of the Liquidating Trustee's knowledge, are unrelated to any currently outstanding loans owned or serviced by any third party. The Liquidating Trustee estimates that the cost to destroy, by shredding, the Loan Files, which, upon information and belief, contains borrowers' personally identifiable information, would equal or possibly exceed the $200,000 payment being made pursuant to the Stipulation.

## RELIEF REQUESTED

13. By this Motion, the Liquidating Trustee requests entry of an order (A) approving the Stipulation pursuant to Bankruptcy Rule 9019, approving the immediate abandonment of the Loan Files stored at the Storage Facilities and transfer of such Loan Files to the Transferees, and authorizing the Liquidating Trustee to contribute the sum of $200,000 toward the cost of transferring the Loan Files to the Ocwen Designated Facility as provided for in the Stipulation; and (B) authorizing the Liquidating Trustee to immediately abandon and destroy the Non-Mortgage Loan Business Files pursuant to sections 105, 363, and 554 of the Bankruptcy Code.

## BASIS FOR RELIEF

### A. The Agreement Represents A Reasonable Resolution Concerning Possession And Cost of Transfer of The Loan Files

14. Bankruptcy Rule 9019(a) provides: "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."

15. Compromises are typically favored in bankruptcy. See Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996). The standard for approval of a proposed compromise is well established. The Delaware District Court has held that a court should approve a compromise where it "is fair, reasonable, and in the best interest of the estate." In re Marvel Entertainment Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) (quoting In re Louise's, Inc., 211 B.R. 798, 801 (D. Del. 1997)); see also Martin, 91 F.3d at 394.

16. The proposed settlement does not have to be "the best possible compromise." See In re Washington Mutual, Inc., 442 B.R. 314, 328 (Bankr. D. Del. 2011). In fact, a Court will reject a proposed settlement only where it falls "below the lowest point in the range of reasonableness." Cosoff v. Rodman (In re W. T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983) (citing Newman v. Stein, 464 F.2d 689, 693 (2d Cir. 1972)). See also In re Coram Healthcare

Corp., 315 B.R. 321, 330 (Bankr. D. Del. 2004) (approving a compromise requires only that the proposed settlement falls "within the reasonable range of litigation possibilities"). Specifically, this standard includes consideration of the following factors: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." Marvel Entertainment, 222 B.R. at 249.

17. In the present case, the Parties have engaged in extensive settlement negotiations over the issues concerning possession and maintenance of the Loan Files and which party shall bear the cost of transporting such Loan Files to Ocwen's possession or the cost of destruction.

18. Based on these negotiations, the Parties have successfully reached a resolution whereby the Liquidating Trustee shall abandon the Loan Files at the Storage Facilities. The material terms of the Stipulation are set forth below[4]:

- Subject to the occurrence of the Stipulation Effective Date, for purposes of facilitating the transfer of the Loan Files to the Ocwen Designated Facility, the Liquidating Trustee agrees to abandon the Loan Files stored at the Storage Facilities and transfer possession of such Loan Files to the Transferees. Such abandonment and transfer shall be deemed complete upon the occurrence of the Stipulation Effective Date. From and after the Stipulation Effective Date, the Liquidating Trustee and the Liquidating Trust shall be deemed to have abandoned the Loan Files and shall have no interest in or to the Loan Files.

- The Liquidating Trustee, within ten (10) days of the occurrence of the Stipulation Effective Date, shall pay to Ocwen the sum of two hundred thousand dollars ($200,000) in contribution to the cost of shipping the Loan Files from the Storage Facilities to the Ocwen Designated Facility (the "Contribution Payment").

- To the extent the Loan Files transferred and abandoned to the Transferees contain confidential consumer or personally identifiable information, the Transferees are authorized to abandon and destroy such Loan Files in

[4] This summary of the Stipulation is qualified in its entirety by the terms and provisions of the Stipulation. To the extent that there are any inconsistencies between the description of the Stipulation contained herein and the terms and the provisions of the Stipulation, the Stipulation shall control.

accordance with Federal Trade Commission regulations for the destruction of documents containing consumer information. See 16 C.F.R. § 682.3(a)-(b) (requiring proper disposal of consumer information by taking reasonable measures to protect against unauthorized access to or use of the information in connection with its disposal).

- Upon the Stipulation Effective Date, except for the Contribution Payment, the Liquidating Trustee shall have no further obligation, liability or responsibility with respect to the Loan Files, the storage of such Loan Files, or the maintenance of any information or data, including, but not limited to, consumer or personally identifiable information, contained in the Loan Files, other than any continuing obligations, liability or responsibility to maintain or properly dispose of such information or data that survives the Stipulation Effective Date which has not been abandoned and is still in the Liquidating Trustee's possession or control, whether pursuant to applicable law or otherwise.

- The Liquidating Trustee shall be responsible for the monthly expenses associated with storing the Loan Files at the Storage Facilities for the period prior to the occurrence of the Stipulation Effective Date. The Transferees shall be responsible for and shall pay directly to the Storage Facilities all monthly expenses associated with storing the Loan Files at the Storage Facilities for the period beginning on the Stipulation Effective Date and ending on the date on which all the Loan Files have been removed from the respective Storage Facilities.

- Subject to the occurrence of the Stipulation Effective Date, the Transferees further agree to pay to the Storage Facilities any and all valid costs charged by the Storage Facilities for the period on and after the Stipulation Effective Date in connection with the preparation for transport and removal of the Loan Files.

19. The Stipulation was negotiated in good faith and at arms-length among the Parties and their respective professionals. The Stipulation represents a sensible compromise between the Parties concerning possession, maintenance, and cost of transfer of the Loan Files into Ocwen's custody in lieu of their destruction by shredding, and the Liquidating Trustee believes the agreement reached is in the best interest of the Trust and its beneficiaries. See Marvel Entertainment, 222 B.R. at 249. Accordingly, the Liquidating Trustee respectfully requests that the Court approve the Stipulation.

**B. The Non-Mortgage Loan Business Files Are No Longer Necessary or of Value to the Debtors' Estates**

20. Section 554 of the Bankruptcy Code provides, in relevant part, that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). Additionally, section 105 of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The purpose of section 105(a) of the Bankruptcy Code is "to assure the bankruptcy court's power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." 2 Collier on Bankruptcy ¶ 105.01 (Alan N. Resnick & Henry J. Sommers eds., 16th ed.).

21. "The abandonment power embodied in Section 554 enables the trustee to rid the estate of burdensome or worthless assets, and so speeds the administration of the estate ... and also protects the estate from diminution. In such manner, abandonment serves the creditors' interest in expeditiously obtaining a fair amount on settlement of their claims." In re Quanta Resources Corp., 739 F.2d 912, 916 (3d Cir. 1984).

22. A trustee's decision to abandon property of the estate is discretionary. See In re Slack, 290 B.R. 282, 284 (Bankr. D.N.J. 2003). As is the case with a trustee's decision to reject an executory contract,[5] the business judgment standard applies to a trustee's decision to abandon property that is either of inconsequential value or burdensome to the estate. See In re Slack, 290 B.R. 282, 284 (Bankr. D.N.J. 2003) ("The trustee's power to abandon property is discretionary . . . . The Court only needs to find the trustee made: 1) a business judgment; 2) in good faith; 3)

---

[5] The decision to reject an executory contract is subject to the court's finding that such decision is a product of the debtor in possession's sound business judgment. See Sharon Steel Corp. v. Nat'l Fuel Gas Distr. Corp., 872 F.2d 36, 39 (3d Cir. 1989); see also In re Fleming Companies, Inc., 308 B.R. 689, 691 (Bankr. D. Del. 2004).

upon some reasonable basis; and 4) within the trustee's scope of authority.") (internal citations omitted); Mele v. First Colony Ins. Co., 127 B.R. 82, 85 (D.D.C. 1991) ("[A]bandonment provisions are designed to allow the trustee to relinquish assets that would be a financial drain on the estate, or relieve the trustee of the financial burden of administering inconsequential assets that would cost more than they are worth to the estate.").

23. In this case, the Liquidating Trustee's abandonment of the Non-Mortgage Loan Business Files is warranted under section 554(a) of the Bankruptcy Code. The Debtors' estates have no reason to maintain the Non-Mortgage Loan Business Files, and such Non-Mortgage Loan Business Files are of no value to the Trust. To the best of the Liquidating Trustee's knowledge, the Non-Mortgage Loan Business Files do not contain material relevant to any outstanding mortgage loan originated by the Debtors and currently owned or serviced by any third party. Further, the cost of storing the Non-Mortgage Loan Business Files constitutes a substantial burden on the Trust, particularly given the advanced stage of this case and the fact that the Liquidating Trustee intends to make distributions in the near future. Accordingly, the Liquidating Trustee has determined that continued storage of the Non-Mortgage Loan Business Files is an unnecessary and costly administrative burden on the Trust.

24. The Liquidating Trustee represents that he will not destroy any documents that are the subject of current litigation or a claims dispute until such issues have been resolved.

25. The Liquidating Trustee submits that his decision to abandon and destroy the Non-Mortgage Loan Business Files is the product of his sound business judgment because the storage of such Non-Mortgage Loan Business Files constitutes a substantial burden on the Trust with no corresponding benefit. Accordingly, the Liquidating Trustee respectfully requests authorization from this Court to abandon and destroy the Non-Mortgage Loan Business Files.

## NOTICE

26. Notice of this Motion will be provided to (i) the United States Trustee for the District of Delaware; (ii) the offices of the attorneys general and the state regulatory agency responsible for oversight of the Debtor in each of the thirty-five states where the Debtor was licensed pre-petition for business; (iii) the Federal Trade Commission; (iv) all parties that hold a known interest in the Loan Files; (v) the Storage Facilities; and (vi) all parties entitled to notice under Del. Bankr. LR 2002-1(b). In light of the nature of the relief requested herein, the Liquidating Trustee submits that no other or further notice is required.

27. No previous request for the relief sought in this Motion has been made to this or any other court.

[Remainder of page intentionally left blank]

**CONCLUSION**

WHEREFORE, the Liquidating Trustee respectfully requests that this Court enter an order (i) approving the Stipulation, authorizing the immediate abandonment of the Loan Files at the Storage Facilities and the transfer of such Loan Files to the Transferees, and authorizing the Liquidating Trustee to contribute the sum of $200,000 toward the cost of transferring the Loan Files to the Ocwen Designated Facility as provided for in the Stipulation; (ii) authorizing the Liquidating Trustee to abandon and destroy the Non-Mortgage Loan Business Files; and (iii) granting such further relief that the Court deems just and proper.

Dated: November 22, 2011
Wilmington, Delaware

Respectfully submitted,

/s/ James C. Carignan
David B. Stratton (DE No. 960)
James C. Carignan (DE No. 4230)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 Market Street, P.O. Box 1709
Wilmington, Delaware 19899-1709
Telephone: (302) 777-6500
Facsimile: (302) 421-8390

-and-

HAHN & HESSEN LLP
Mark T. Power, Esq.
Christopher J. Hunker, Esq.
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Co-Counsel for the Delta Financial Liquidating Trust*