# EXHIBIT 1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| DELTA FUNDING CORPORATION, | : | Case No. 07-11881 (CSS) |
| Debtor. | : | |

**STIPULATION BETWEEN DELTA FINANCIAL LIQUIDATING TRUST, OCWEN LOAN SERVICING, LLC,BANK OF AMERICA, N.A., WELLS FARGO BANK, N.A., AS TRUSTEE, THE BANK OF NEW YORK MELLON, AS TRUSTEE, AND HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE, REGARDING ABANDONMENT, TRANSFER AND DESTRUCTION OF CERTAIN MORTGAGE LOAN FILES**

This *Stipulation Between Delta Financial Liquidating Trust, Ocwen Loan Servicing, LLC, Bank of America, N.A., Wells Fargo Bank, N.A., as Trustee, The Bank of New York Mellon, as Trustee, and HSBC Bank USA, National Association, as Trustee, Regarding Abandonment, Transfer and Destruction of Certain Mortgage Loan Files* (the "Stipulation") is entered into by and between **Delta Financial Liquidating Trust, by and through Mr. Hobart G. Truesdell, its Bankruptcy Court-appointed Liquidating Trustee** (the "Liquidating Trustee"), on behalf of Delta Financial Corporation, and its direct and indirect subsidiaries and affiliates, each as debtor and debtor-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"); **Ocwen Loan Servicing, LLC**, for itself and in its capacity as mortgage loan servicer ("Ocwen"), by and through its counsel; Bank of America, N.A. as successor by merger to BAC Home Loans Servicing, LP formerly known as **Countrywide Home Loans Servicing, LP**, for itself and in its capacity as mortgage loan servicer ("BANA"), by and through its counsel; **Wells Fargo Bank, N.A.**, solely in its capacity as trustee of certain securitization trusts ("Wells Fargo"), by and through its counsel; The **Bank of New York Mellon**, solely in its

capacity as trustee of certain securitization trusts ("Bank of New York") , by and through its counsel; and **HSBC Bank USA, National Association,** solely in its capacity as trustee of certain securitization trusts ("HSBC"), by and through its counsel; (HSBC, together with Wells Fargo and Bank of New York, the "Securitization Trustees"; the Liquidating Trustee, Ocwen, BANA, Wells Fargo, Bank of New York and HSBC, individually a "Party" and collectively, the "Parties") and based on the following recitals of fact:

**RECITALS**

A. On or about December 17, 2007 (the "Petition Date"), the Debtors each filed a chapter 11 bankruptcy petition with the United States Bankruptcy Court for the District of Delaware (the "Court"), which cases are jointly administered under Case No. 07-11880 (CSS).

B. On December 12, 2008, the Court entered the Order Confirming the Joint Plan of Liquidation [D.I. 701] (the "Confirmation Order").

C. On January 5, 2009 (the "Effective Date"), the Second Amended Joint Chapter 11 Plan of Liquidation by the Debtors and the Creditors' Committee Dated as of December 8, 2008 (as supplemented, modified, or amended, the "Plan") became effective. Pursuant to the terms of the Plan, on the Effective Date, the Liquidating Trust Agreement and Declaration of Trust (the "Trust Agreement") was executed, thereby creating the Delta Financial Liquidating Trust (the "Liquidating Trust") and appointing Hobart G. Truesdell as Liquidating Trustee. On the Effective Date, among other things, all Assets of the Debtors were transferred to the Liquidating Trust.

D. Prior to the Petition Date, in the ordinary course of the Debtors' business, the Debtors maintained at certain offsite storage facilities numerous categories of documents, including, but not limited to, loan origination files, sold and/or closed loan files, loan application

materials, other files, each related to the Mortgage Loans (defined below), and miscellaneous business records maintained by the Debtors (collectively, the "Loan Files").

E. Prior to and in the process of winding down the Debtors' operations, the Debtors collected and packed the Loan Files and transferred them to two storage facilities: (i) Arrow Storage in Hicksville, New York ("Arrow"); and (ii) Quality Storage in Hicksville, New York ("Quality", together with Arrow, the "Storage Facilities"). Arrow currently stores approximately 24,300 boxes of Loan Files, and Quality currently stores approximately 4,000 boxes of Loan Files and 3,000 boxes of Non-Mortgage Loan Business Files (defined below), which are stored in boxes separately identifiable from the Loan Files by a prefix code label located on the boxes.[1]

F. Prior to and in the process of winding down the Debtors' operations, the Debtors collected and packed some business records maintained by the Debtors unrelated to the Mortgage Loans (the "Non-Mortgage Loan Business Files") and transferred them to Quality and certain other facilities. The Liquidating Trustee intends on seeking concurrently with approval of this Stipulation Court approval to destroy the Non-Mortgage Loan Business Files located at Quality and the other facilities at the Liquidating Trust's expense, and this Stipulation shall have no affect on the Liquidating Trustee's rights with respect to the Non-Mortgage Loan Business Files or any disposition thereof.

G. Upon information and belief, the Loan Files contain documentation relating to certain mortgage loans (the "Mortgage Loans") originated by the Debtors prior to the Petition Date in the ordinary course of the Debtors' business. For the most part, each Mortgage Loan was then made part of a portfolio of mortgage loans that was securitized and placed into a

[1] The boxes of Loans Files stored at Quality are labeled with the prefix code "FR," followed by the applicable loan number(s). The remaining boxes at Quality, which are not labeled with the prefix code "FR," contain documents unrelated to the Mortgage Loans (defined below).

securitized trust (each, a "Securitization Trust" and collectively, the "Securitization Trusts"). In a few instances, the Debtors sold to third-party buyers[2] certain of their mortgage loans (each, a "Whole Loan Purchaser" and collectively, the "Whole Loan Purchasers"). To the best of the Liquidating Trustee's knowledge, the Debtors no longer own or hold any interest in any Mortgage Loans. The Liquidating Trustee believes that Ocwen is the servicer for all of the Mortgage Loans held by the Securitization Trusts, other than three Securitization Trusts which are being serviced by BANA.[3] The Liquidating Trustee is not aware of any Securitization Trusts that have a trustee other than Wells Fargo, Bank of New York or HSBC. Consequently, the Liquidating Trustee believes that the Securitization Trusts, Securitization Trustees, Ocwen and BANA (collectively, the "Transferees") are the principal interested parties with respect to maintaining and preserving the Loan Files.

H. The Loan Files are of no value to the Liquidating Trust, and the cost of maintaining them is a burden on the Liquidating Trust. However, in lieu of seeking an order of the Bankruptcy Court authorizing the Liquidating Trustee to abandon and destroy the Loan Files, the Liquidating Trustee offered to transfer possession of the Loan Files to the Transferees, conditioned upon the Transferees agreeing to pay for the cost of transferring the Loan Files. While the Transferees have expressed a willingness to take over possession of the Loan Files, they have argued that the cost of transferring the Loan Files should be borne by the Liquidating Trust.

[2] The third-party buyers may include: Bank of America, N.A.; Citibank, N.A.; DB Structured Products, Inc.; Greenwich Capital Markets, Inc.; and JP Morgan Chase Bank, N.A.

[3] Upon information and belief, Wells Fargo is also the Trustee with respect to the Trusts being serviced by Countrywide.

I. The Parties have worked to resolve the issues between them regarding possession and transfer of the Loan Files from the Debtors' Storage Facilities to a facility designated by Ocwen (the "Ocwen Designated Facility") as set forth in this Stipulation.

NOW, THEREFORE, THE UNDERSIGNED STIPULATE AND AGREE AS FOLLOWS:

## **AGREEMENT**

1. The recitals set forth in Paragraphs A through I (the "Recitals") above are incorporated herein by this reference.

2. This Stipulation is subject to and conditioned upon the entry of a final, non-appealable order by the Court approving this Stipulation (the "Stipulation Effective Date"). In the event that the Stipulation Effective Date does not occur, this Stipulation shall be deemed null and void and of no force or effect. In such event, nothing (including the Recitals) contained in this Stipulation, any motion or motions filed seeking an order from the Court approving this Stipulation, or any correspondence or other communications related to the negotiations, drafting or approval of this Stipulation, shall be argued nor deemed to be an admission against any party's interest in any litigation by and between any parties, and the Parties shall be automatically returned to respective positions *status quo ante*.

3. Subject to the occurrence of the Stipulation Effective Date, for purposes of facilitating the transfer of the Loan Files to the Ocwen Designated Facility, the Liquidating Trustee agrees to abandon the Loan Files stored at the Storage Facilities and transfer possession of such Loan Files to the Transferees. Such abandonment and transfer shall be deemed complete upon the occurrence of the Stipulation Effective Date. From and after the Stipulation Effective Date, the Liquidating Trustee and the Liquidating Trust shall be deemed to have abandoned the

Loan Files and shall have no interest in or to the Loan Files. As further clarification, from and after the Stipulation Effective Date, and subject to paragraph 5 below, (i) the Transferees are authorized to destroy any or all of the Loan Files, including, without limitation, any portion of the Loan Files which may contain miscellaneous business records unrelated to the Mortgage Loans, and (ii) the Liquidating Trustee and the Liquidating Trust release and discharge the Transferees of any and all claims, causes of action, and demands, whether known or unknown, arising out of or related to actions taken in connection with this Stipulation, the abandonment of the Loan Files at the Storage Facilities, and the transfer of such Loan Files to the Transferees; provided, however, that nothing contained herein shall release the Transferees' payment obligations pursuant to paragraphs 7 and 8 of this Stipulation.

4. Within ten business days of the occurrence of the Stipulation Effective Date, the Liquidating Trustee shall pay to Ocwen the sum of two hundred thousand dollars ($200,000) in contribution to the cost of shipping the Loan Files from the Storage Facilities to the Ocwen Designated Facility (the "Contribution Payment").

5. To the extent the Loan Files transferred and abandoned to the Transferees contain confidential consumer or personally identifiable information, the Transferees are authorized to abandon and destroy such Loan Files in accordance with Federal Trade Commission regulations for the destruction of documents containing consumer information. See 16 C.F.R. § 682.3(a)-(b) (requiring proper disposal of consumer information by taking reasonable measures to protect against unauthorized access to or use of the information in connection with its disposal).

6. Upon the Stipulation Effective Date, except for the Contribution Payment, the Liquidating Trustee shall have no further obligation, liability or responsibility with respect to the Loan Files, the storage of such Loan Files, or the maintenance of any information or data,

including, but not limited to, consumer or personally identifiable information, contained in the Loan Files, other than any continuing obligations, liability or responsibility to maintain or properly dispose of such information or data that survives the Stipulation Effective Date which has not been abandoned and is still in the Liquidating Trustee's possession or control, whether pursuant to applicable law or otherwise.

7. The Liquidating Trustee shall be responsible for the monthly expenses associated with storing the Loan Files at the Storage Facilities for the period prior to the occurrence of the Stipulation Effective Date. The Transferees shall be responsible for and shall pay directly to the Storage Facilities all monthly expenses associated with storing the Loan Files at the Storage Facilities for the period beginning on the Stipulation Effective Date and ending on the date on which all the Loan Files have been removed from the respective Storage Facilities.

8. Prior to the Stipulation Effective Date, the Liquidating Trustee authorizes the Transferees to contract directly with the Storage Facilities concerning removal of the Loan Files conditioned upon the occurrence of the Stipulation Effective Date. Subject to the occurrence of the Stipulation Effective Date, the Transferees further agree to pay to the Storage Facilities any and all valid costs charged by the Storage Facilities for the period on and after the Stipulation Effective Date in connection with the preparation for transport and removal of the Loan Files.

9. Upon the occurrence of the Stipulation Effective Date, Arrow and Quality shall be authorized and directed to release the Loan Files to Ocwen.

10. Upon the occurrence of the Stipulation Effective Date, the Liquidating Trustee agrees to work in good faith with the Transferees to comply with any and all rules established by the Storage Facilities concerning the removal of the Loan Files from the Storage Facilities including, but not limited to, providing appropriate notice to the Storage Facilities concerning the

preparation and shipment of the Loan Files. Upon the occurrence of the Stipulation Effective Date, the Parties agree to work in good faith with each other to transfer to the applicable Whole Loan Purchaser any Loan Files that are subsequently identified as involving Mortgage Loans which are owned by Whole Loan Purchasers, provided that no Party shall be obligated to incur any out-of-pocket cost or expense in connection with such transfer.

11. To the Liquidating Trustee's knowledge (i) all of the Loan Files with respect to the Mortgage Loans originated by the Debtors in the ordinary course of their business are being held at the Storage Facilities, and (ii) other than the Loan Files being held at the Storage Facilities, the Liquidating Trustee has no knowledge of any other documentation held or stored by the Debtors relating to Mortgage Loans in which the Transferees have an interest.

12. This Stipulation sets forth a full resolution between the Parties with respect to the abandonment, transfer, and maintenance of the Loan Files.

13. This Stipulation is the entire agreement between the Parties with respect of the subject matter hereof; *provided*, *however*, that the Transferees may have separate agreements among each other concerning the subject matter of this Stipulation and that nothing in this Stipulation, including, without limitation, in this paragraph and the prior paragraph, shall limit the effectiveness of such agreements (the "Transferee Agreements"). Except with respect to any Transferee Agreements, this Stipulation supersedes any and all agreements, whether written or oral, that may have previously existed between the Parties with respect to the matters set forth herein. Except with respect to any Transferee Agreements, no statements, promises, or representations have been made by any Party to any other, or relied upon, and no consideration has been offered, promised, expected or held out other than as may be expressly provided herein.

14. Any ambiguities are not to be construed against any Party solely due to the identity of the drafter.

15. This Stipulation shall not be modified, altered or amended without the proper written consent of all Parties hereto.

16. Each person signing this Stipulation represents and warrants that s/he has been duly authorized and has the requisite authority to execute and deliver this Stipulation on behalf of such party and to bind her/his respective Party to the terms and conditions of the Stipulation.

17. The Court shall retain jurisdiction of all disputes concerning the subject matter of this Stipulation.

18. This Stipulation may be executed in counterparts, each of which when so executed shall be deemed to be an original and all of which when taken together shall constitute one and the same Stipulation. Delivery of an executed counterpart of a signature page of this Stipulation by telecopy or e-mail transmission of a PDF version shall be as effective as delivery of a manually executed copy of this Stipulation.

[Remainder of Page Intentionally Left Blank]

**IT IS SO STIPULATED.**

Dated: November 22, 2011

PEPPER HAMILTON LLP

/s/ James C. Carignan
David B. Stratton, Esq.
James C. Carignan, Esq.
Hercules Plaza, Suite 5100
1313 N. Market Street, P.O. Box 1709
Wilmington, DL 19899-1709
Telephone: (302) 777-6566

- and –

HAHN & HESSEN LLP
488 Madison Avenue, 15th Floor
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400
Mark T. Power
Christopher J. Hunker

*Co-Counsel to the Delta Financial Liquidating Trust*

November 22, 2011

HUNTON & WILLIAMS LLP

/s/ Jason W. Harbour
Jason W. Harbour, Esq.
Riverfront Plaza, East Tower
951 E. Byrd St
Richmond, VA 23219

*Counsel to Ocwen Loan Servicing, LLC, for itself and in its capacity as Mortgage Loan Servicer*

October 31, 2011

ALSTON & BIRD LLP

By: ______________________
J. William Boone, Esq.
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone: 404-881-7000

*Counsel to Wells Fargo Bank, N.A.*

October ____, 2011

MAYER BROWN LLP

By: ______________________
Sean Scott, Esq.
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: 312-701-7980

*Counsel to HSBC Bank USA, National Association*

October ____, 2011

BANK OF AMERICA, N.A.

By: ______________________
Joshua Que, Esq.
Bank of America Plaza
333 S Hope St
Los Angeles, CA 90071-1406
Telephone: 213-621-8703

*Counsel to Bank of America, N.A., for itself and in its capacity as Mortgage Loan Servicer*

October ____, 2011

ALSTON & BIRD LLP

By: ______________________________
J. William Boone, Esq.
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone: 404-881-7000

*Counsel to Wells Fargo Bank, N.A.*

October 28, 2011

MAYER BROWN LLP

By: ______________________________
Sean Scott, Esq.
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: 312-701-7980

*Counsel to HSBC Bank USA, National Association*

October ____, 2011

BANK OF AMERICA, N.A.

By: ______________________________
Joshua Que, Esq.
Bank of America Plaza
333 S Hope St
Los Angeles, CA 90071-1406
Telephone: 213-621-8703

*Counsel to Bank of America, N.A., for itself and in its capacity as Mortgage Loan Servicer*

October ____, 2011

ALSTON & BIRD LLP

By: ______________________________
J. William Boone, Esq.
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone: 404-881-7000

*Counsel to Wells Fargo Bank, N.A.*

October ____, 2011

MAYER BROWN LLP

By: ______________________________
Sean Scott, Esq.
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: 312-701-7980

*Counsel to HSBC Bank USA, National Association*

October 31, 2011

BANK OF AMERICA, N.A.

By: ______________________________
Joshua Que, Esq.
Bank of America Plaza
333 S Hope St
Los Angeles, CA 90071-1406
Telephone: 213-621-8703

*Counsel to Bank of America, N.A., for itself and in its capacity as Mortgage Loan Servicer*

October ____, 2011

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: ______________________________
Jeanne Naughton-Carr, Esq.
1540 Broadway
New York, NY 10036-4039
Telephone: (212) 858-1419

*Counsel to The Bank of New York Mellon*